[DO NOT PUBLISH]

RECEIVED

2007 JUN 25  A  IN THE UNITED STATES COURT OF APPEALS

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2007
THOMAS K. KAHN
CLERK

No. 07-10185
Non-Argument Calendar

D. C. Docket No. 06-00061-CR-A-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LINDA HAMEL BACON,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Alabama

(May 24, 2007)

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Linda Hamel Bacon appeals her prison sentence of 24 months for stealing or

receiving a check from the United States mail, in violation of 18 U.S.C. § 1708.

She contends that her sentence was "greater than necessary to achieve the

[sentencing] purposes of 18 U.S.C. § 3553(a)." Her sentence was greater than

necessary, she says, because (1) it is inconsistent with our precedent affirming as

reasonable sentences at the low end of the guideline range; (2) her mitigating

evidence was more compelling than the mitigating evidence in similar cases; (3) in

imposing a sentence at the top of the guideline range, the district court showed that

it did not weigh the relevant sentencing factors; (4) the court's finding that a

sentence of 24 months was necessary so she could take part in a federal drug

treatment program was misguided because she does not need further treatment.

Moreover, the court could not guarantee that the Bureau of Prisons will comply

with its recommendation, and even if the Bureau does, she would not be eligible

for the program because of her progress in state drug-treatment programs.

The § 3553(a) factors, which Bacon contends the district court misapplied,

include: (1) "the nature and circumstances of the offense and the history and

characteristics of the defendant"; (2) whether the sentence is "sufficient, but not

greater than necessary, to comply with . . . the need for the sentence imposed– (A)

to reflect the seriousness of the offense, to promote respect for the law, and to

provide just punishment for the offense; (B) to afford adequate deterrence to

2

criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(1)-(2).

Bacon suggests that the court failed to do its duty under § 3553(a) because it only considered drug treatment in fashioning her sentence. While it is true that treatment for drug addiction played a prominent part in the court's decision, the court also stated that it had considered the Guideline sentence range and all of the § 3553(a) sentencing factors – in particular, the seriousness of her offense and the need to protect the community. After doing this, the court concluded that a sentence at the top of the Guideline sentence range, which was three years less than the statutory maximum, was warranted.

We find no basis in the record of this case for concluding that Bacon's sentence is unreasonable because it was greater than necessary to achieve § 3553(a)'s purposes. Bacon's sentence is therefore

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

3